10-5084-ag
Liu v. Holder

BIA
Abrams, IJ
A094 816 865

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of November, two thousand eleven.

PRESENT:
BARRINGTON D. PARKER,
RICHARD C. WESLEY,
RAYMOND J. LOHIER, JR.,
    *Circuit Judges.*

_____

LIN HUA LIU,
    *Petitioner,*

v.                                          10-5084-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:    Douglas B. Payne, New York, New York.

FOR RESPONDENT:    Tony West, Assistant Attorney General; Leslie McKay, Assistant Director; Jessica Segall, Trial

**Attorney; Anthony J. Messuri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Lin Hua Liu, a native and citizen of the People's Republic of China, seeks review of a November 30, 2010, order of the BIA affirming the February 12, 2009, decision of Immigration Judge ("IJ") Steven R. Abrams, which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin Hua Liu*, No. A094 816 865 (B.I.A. Nov. 30, 2010), *aff'g* No. A094 816 865 (Immig. Ct. N.Y. City Feb. 12, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case. Under the circumstances of this case we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008).

Liu fails to challenge the agency's finding that he waived past persecution before the IJ by stating, through counsel, that he was relying on a well-founded fear of

2

persecution. Further, despite arguing before the IJ that there was at least a ten percent chance that he had established a well-founded fear of persecution, Liu failed to challenge before this Court the agency's finding that he failed to establish "other resistance" to China's family planning policy based on his 1998 encounter with family planning officials and his ensuing flight, as is required to demonstrate a well-founded fear of future persecution. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007) (*en banc*). Issues not sufficiently argued in briefs to this Court are considered waived and will not be addressed on appeal. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

Because Liu waives the agency's dispositive findings that he conceded past persecution and that he failed to demonstrate a reasonable fear of persecution on account of his "other resistance," Liu has failed to demonstrate his eligibility for asylum or withholding. As Liu failed to exhaust CAT relief before the BIA, we cannot reach his eligibility for that relief. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                   FOR THE COURT:
                                   Catherine O'Hagan Wolfe, Clerk

4